## Broadscope, Inc. v. Guilbert

110

*Anthony Roberti,* for plaintiff.
No appearance for defendants.
*Michael L. Ozalas;* for the Sheriff of Carbon County.

LAVELLE, *P.J.,* September 2, 1982—This case squarely raises the question whether the Sheriff can add the $300 debtor's exemption[1] to the costs of sale at a sheriff's sale of real estate and charge it against the lien creditor purchaser. We hold that he cannot do so.

---

1. Pa.R.C.P. Rule 3123 provides as follows:

"(a) A defendant entitled to a statutory exemption may claim it in kind or in cash at any time before the date of sale by notifying the sheriff of his claim and, if the exemption is claimed in kind, by designating the property which he elects to retain as exempt. Failure of the defendant to claim his statutory exemption shall not constitute a waiver thereof.

(b) Upon receipt of a claim for exemption in kind the sheriff shall set aside, from the designated property, enough thereof as appraised by him, to equal the value of the exemption, unless the property is incapable of division. In the event of failure of the defendant to claim his statutory exemption, the sheriff shall similarly choose, appraise, and set aside property in kind. Real property claimed shall be described by metes and bounds and the description shall be included in the sheriff's return.

(c) If the sheriff cannot set aside property in kind because the property in his hands is not capable of appropriate division, he shall set aside from the proceeds of the sale and pay to the defendant in cash the amount of his statutory exemption.

(d) Any party in interest may, within forty-eight (48) hours, appeal to the court from the sheriff's appraisal or designation of property. The sheriff shall proceed with the sale as to the remainder of the property levied upon unless the sale shall be stayed by order of the court or written direction of the plaintiff."

The factual background, briefly stated, is that plaintiff, Broadscope, Inc. obtained a judgment against defendants on March 11, 1976, in the amount of $9,969.40. Execution was issued on defendants' real estate in Penn Forest Township on March 4, 1981, and the sheriff's sale was held on April 24, 1981.

Plaintiff was the only bidder at the sheriff's sale and bid the sheriff's costs plus one dollar. In his statement of costs, the sheriff included the sum of $300, representing the debtor's exemption.

On May 1, 1981, plaintiff filed exceptions to the sheriff's statement of costs taking issue with having to pay the additional $300 debtor's exemption. We now dispose of said exceptions.

## DISCUSSION

In addition to any other specifically exempted property, a judgment debtor, pursuant to 42 Pa.C.S.A. §8123(a), is entitled in every case to a general monetary exemption of $300 from attachment or execution on a judgment. The exemption is available in cash or in kind.

The debtor's exemption has been carefully protected by the Pennsylvania Supreme Court since its adoption. In Mayhugh v. Coon, 460 Pa. 128, 134, 331 A. 2d 452, 455 (1975), the court noted that "the policy and object of the legislation in conferring the exemption benefits was to afford the debtor, and his family, the prime necessities of life, and to furnish the insolvent a nucleus with which to begin life anew." This humanitarian goal impelled the Mayhugh court to rule that the debtor's exemption cannot be waived.

In 1978, precipitated undoubtedly by the Mayhugh decision, a statutory proscription against waiver by express or implied contract was created by the legislature in 42 Pa.C.S.A. §8122.

The waiver principle has been further expanded by Pa.R.C.P. 3123. It is first provided at subsection (a) that "failure of a debtor to claim his exemption shall not constitute a waiver thereof." In the event of failure of the debtor to claim his exemption, the sheriff is directed by subsection (b) to "choose, appraise and set aside property in kind." If the subject property is not capable of division, the sheriff is to "set aside from the proceeds of the sale and pay to defendant in cash the amount of his statutory exemption." Pa.R.C.P. 3123(c).

Thus, not only is waiver of the exemption proscribed, but the provisions of Rule 3123 safeguarding the exemption for a debtor who fails to make a claim are self-executing where circumstances require. Should the debtor fail to claim his exemption, the sheriff must, in effect, claim it for him: 9 Goodrich Amram 2d §3123(a):1.[2]

The sheriff argues that a strict construction of Rule 3123 requires him to either set aside or collect the debtor's exemption whether the debtor claims it or not. We agree, but only if he is selling assets capable of some division or if the sale produces some proceeds.

Pa.R.C.P. 3133, provides that when the lien creditor is the purchaser of property sold on execution, "[t]he sheriff may require payment in cash of all legal costs distributable from the proceeds of the sale." Thus, plaintiff would be required to pay the sheriff the amount of the debtor's exemption if that exemption can be considered a legal cost.

Pa.R.C.P. 3138(a) refers to these costs. The rule reads as follows:

2. The validity of this proposition may well be affected by recent amendments of Rules 3108, 3123(d), 3142(a), 3252 and new Rule 3123.1. We need not consider the ramifications of the new procedures created by these rules. The amendments became effective on March 27, 1981 and applied only to writs of execution issued on or after that date. The writ in the instant case was issued on March 4, 1981.

"The plaintiff shall pay to the sheriff all costs, charges and expenses incident to the execution, the maintenance of the lien of the execution and the preservation of the property. These items shall be deemed taxable costs for refund to the plaintiff from the proceeds of any sale."

This category is admittedly quite broad. It cannot, however, be interpreted as encompassing the debtor's exemption.

First, the debtor's exemption is, as already noted, treated separately at Rule 3123. This is appropriate, as the exemption is plainly not similar to, e.g., the costs of publication, monies due the Tax Claim Bureau and the sheriff's department's own legitimate costs. Only in the most remote sense can the debtor's exemption be considered "incident to the execution, the maintenance of the lien of the execution and the preservation of the property." More precisely, it is "incident to" the debtor's being adjudicated liable to plaintiff.

Second, the exemption is treated in a completely different manner from sheriff's costs. These costs are payable in every case and refundable to plaintiff from the proceeds of the sale. The debtor's exemption, on the other hand, is to be set aside to defendant from the proceeds.

If the property admits of division, the sheriff is to simply set aside property worth $300. This is the case in sales of furniture or household goods, as well as sales of business inventories. Division of the affected assets in such cases is a relatively straightforward procedure.

The sale of a single parcel of real estate, however, is one which does not lend itself to division. Therefore, the sheriff can pay the debtor's exemption only out of the proceeds of the sale.

Our research has not revealed a relevant statutory definition of "proceeds." Rule 3138(a), supra, makes clear, however, that proceeds and costs are

two distinct sums. In our view, the proceeds of a sale are the amount bid over and above the Pa.R.C.P. 3138(a) sheriff's costs.

Where costs only are bid, there are no proceeds from which the debtor's exemption can be taken. In such a case, the sheriff is not permitted by Rule 3123 to create such proceeds by requiring the lien creditor to raise the bid to a point adequate to guarantee the debtor's exemption. Nor may the sheriff tax on the equivalent of the exemption as a cost of sale under Rule 3138, as was done in the instant case.

The instant case illustrates the extent to which the admirable intentions behind the debtor's exemption have gone awry. Defendants' whereabouts are unknown, and are likely to remain so. Their last known address is New York City. Not only did they fail to file a claim for their $300 exemption, it is doubtful that they are even aware of its availability. At this point, it would be unrealistic to expect that defendants will ever file a claim.

Furthermore, what is the sheriff to do with this money. The law does not say whether he should keep it indefinitely, give it back to the lien creditor after a reasonable period of time or turn it over to the county if unclaimed. If the law is not always wise, it should at least be certain. Certainty compels us to rule that the sheriff should not be creating proceeds for a debtor's exemption.

Accordingly, we enter the following

## ORDER

And now, this September 2, 1982, it is hereby ordered and decreed as follows:

1. Plaintiff's exceptions to statement of costs be, and the same are hereby sustained.

2. The Sheriff of Carbon County shall refund to plaintiff the amount of $300.